IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **NATHANIEL DAUGHTRY, JR., et al.,** | * | |
| Plaintiffs, | * | |
| v. | * | Case No. RWT 13-cv-3130 |
| **STANWICH MORTGAGE LOAN TRUST SERIES 2013-7,** | * | |
| Defendant. | * | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

On October 22, 2013, self-represented Plaintiffs Nathaniel and Wanda Daughtry filed a Complaint against Defendant Stanwich Mortgage Loan Trust Series 2013-7 asserting numerous federal and state law violations relating to the legitimacy of a defaulted loan. ECF No. 1. On November 18, 2013, Plaintiffs filed an Amended Complaint ostensibly narrowing their allegations to mortgage and mail fraud. Am. Compl. 2, ECF No. 3. Defendant now moves to dismiss the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mot. 1, ECF No. 12. Plaintiffs responded in opposition on May 23, 2014. ECF No. 16.

This action arises out of a transaction that took place on October 17, 2007, whereby Plaintiffs executed a note in the amount of $918,900.00—which was secured by a deed of trust, recorded in the land records for Prince George's County, Maryland at Liber 28913, folio 355, and encumbering Plaintiff's real property located at 17500 Eleanor Lane, Upper Marlboro, MD 20774. Mot. ¶ 1. Defendant is the owner of the loan, and the loan is currently in default. *Id.* ¶ 2. Plaintiffs seemingly claim that the entire transaction was illegal, having been a product of some dubious dealing with Plaintiffs' "previous investor FV-1 Mortgage" wherein contracts were

altered "with forged documents without Plaintiffs' consent." Am. Compl. 2.  In addition, Plaintiffs profess Defendant committed mail fraud when it continued to attempt to collect payments pursuant to the invalid instruments. *Id.* at 3.

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Simmons & United Mortg. & Loan Invest,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (internal quotations and emphasis omitted).  "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

On November 5, 2013, the Court granted Plaintiffs leave to amend their Complaint, but cautioned that it must adhere to Federal Rule of Civil Procedure 8(d), which requires clear and specific facts sufficient to allege liability.  ECF No. 2.  Plaintiffs failed to comply with this simple requirement, and did not allege, in more than a conclusory fashion, that Defendant has acted unlawfully.  Plaintiffs' bare statements of fact do not state a plausible theory of recovery against Defendant under any federal or state law and are insufficient to raise a right to relief

above the speculative level. The facts pleaded in the Amended Complaint, therefore, do not fairly apprise Defendant of what is being claimed and are insufficient to survive a motion to dismiss.

Accordingly, it is this 31st day of March, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendant's Preliminary Motion to Dismiss (ECF No. 12) is hereby **GRANTED** and the Complaint is hereby **DISMISSED**; and it is further

**ORDERED**, that judgment for costs is hereby **ENTERED** in favor of Defendant; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to close this case; and it is further

**ORDERED**, that the Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff and Counsel of Record.

                                          /s/
                                ROGER W. TITUS
                    UNITED STATES DISTRICT JUDGE